Van Brunt, P. J., and Brady, J., concurred.

Orders or decrees modified as directed in opinion, and as modified, affirmed, without costs on these appeals.

---

THEODORE HAEBLER and Others, Appellants, *v.* ELIJAH MYERS and Others, Respondents.

*Attachment set aside — effect of a reversal of the judgment vacating it upon the rights of subsequent attaching creditors.*

A number of attachments having been issued in different actions, levies were made thereunder upon the same property. The earlier attachment was thereafter set aside on the motion of a subsequent attaching creditor, and the property was sold under the subsequent attachment, and the proceeds thereof were paid over by the sheriff to the parties obtaining such subsequent attachment.

*Held,* that the attachment so set aside could not be revived by the reversal of the judgment which vacated it, so that it would be reinstated as a lien upon the property, or upon the proceeds of the sale of the property attached.

That the subsequent attaching creditor, who had received the proceeds of sale of the property, could not be required to pay it over to the creditor whose prior attachment has been restored by the reversal ōn appeal of the judgment which vacated it.

Appeal by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 24th day of February, 1890, and from an order, entered in said office on the 24th day of February, 1890, by which judgment and order it was directed that the complaint in the above-entitled action be dismissed and that the defendants recover from the plaintiffs the costs of the action.

The complaint alleged that the plaintiffs had brought an action against John J. Bernhearth and others, in which a warrant of

attachment had been procured and levied upon the property of the defendants in that action; that Elijah Myers and I. Harvey Moses, subsequent lienors upon the attached property, had obtained an order to show cause why the plaintiffs' attachment should not be vacated, on the return of which an order was entered vacating the plaintiffs' attachment. After the vacating of the plaintiffs' attachment the sheriff paid over to the defendants Elijah Myers and I. Harvey Moses, the subsequent lienors, the sum of $900 realized from the attached property. The order vacating the plaintiffs' attachment was subsequently reversed on an appeal to the Court of Appeals. The complaint demanded judgment for the restitution of the said sum of $900 obtained by the defendants by reason of the vacating of the plaintiffs' attachment.

To this complaint the defendants demurred on the ground that it did not state facts constituting a cause of action.

*M. P. Stafford,* for the appellants.

*M. H. Cardozo,* for the respondents.

BRADY, J. :

Aside from the reasons given by the presiding justice at Special Term, it may be said that the plaintiffs' duty, if they hoped to protect their lien by a successful appeal, required them to obtain a stay of proceedings, for which application should have been made, and which would doubtless have been granted. The plaintiffs and defendants were both lienors, the right of each dependent upon the validity of the attachment by which the lien was created, and both subject to such disposition of it as might be made by the courts. When the plaintiffs' attachment was set aside the defendants took priority, indeed, of all the remaining attachments, if there were any, and it became the duty of the sheriff to pay the money to them. They did not receive money which belonged to the plaintiffs, inasmuch as their supposed lien was declared worthless. It was the money of the judgment-debtor which they received, and to which they were entitled by the law as then declared.

There is no provision of law by which an attachment discharged by competent authority can be revived by the reversal of the judgment destroying it with all its primitive advantages intact. The

subsequent attaching creditor does no wrong in accepting the money under such circumstances. He avails himself of the law as declared, the result of which might be prevented by the diligence of the defeated attaching creditor in obtaining a stay of proceedings as already suggested.

The judgment appealed from should be affirmed, with costs.

Daniels, J., concurred.

Judgment affirmed, with costs.